767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD BERNDT, PETITIONER-APPELLANT,
v.
TOM SAMS, SHERIFF OF HAMBLEN COUNTY, RESPONDENT-APPELLEE.
 NO. 84-5480
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 E.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action, petitioner challenges the legality of his detention in the Tennessee state penal system and the alleged denial of credit for time served. The action, brought under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2254, was dismissed by the district court. This appeal followed the issuance of a certificate of probable cause by this Court. On appeal, petitioner has filed an informal brief and moves for the appointment of appellate counsel.
 
 
 3
 Upon consideration, we find ourselves in agreement with the district court. This action, challenging the fact or duration of confinement, is properly construed solely as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). The dismissal of the habeas petition for want of exhaustion of available state court relief was correct on the face of the record and pleadings before us.
 
 
 4
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 5
 It is ORDERED that the motion for the appointment of appellate counsel be denied and that the final order of the district court be and hereby is affirmed.